# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Marc Day,
      Petitioner


   vs                        Case No. 1:02cv754
                                   (Weber, Sr. J.; Hogan, M.J.)


Anthony Brigano,
      Respondent

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action through counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ and petitioner's traverse. (Docs. 1, 3, 8).

### Procedural Background

The 1999 term of the Hamilton County, Ohio, grand jury indicted petitioner on twelve counts of rape as defined in Ohio Rev. Code § 2907.02 with specifications, one count of gross sexual imposition as defined in Ohio Rev. Code § 2907.05, and twelve counts of pandering sexually oriented matter as defined in Ohio Rev. Code § 2907.322. (Doc. 3, Ex. 1). On March 6, 2000, as part of a plea bargain, petitioner pled guilty to two counts of rape and two counts of pandering sexually oriented matter involving a minor. (Doc. 3, Ex. 2). On June 8, 2000, the court sentenced petitioner to consecutive sentences of eight years on each rape count and four years

on each pandering count and after a hearing, determined that petitioner was a sexual predator. (Doc. 3, Exs. 3, 4).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, raising the following assignments of error:

> 1. The trial court abused its discretion in sentencing Defendant Appellant to a total prison term of 24 years without properly considering the mitigation factors set forth in O.R.C. 2929.12.

> 2. The Fifth and Eighth Amendments to the United States Constitution, as incorporated by the Fourteenth Amendment and Article I, Section 9 of the Ohio Constitution, forbids the imposition of cruel and unusual punishment.

(Doc. 3, Ex. 6). On July 25, 2001, the Ohio Court of Appeals affirmed the trial court's judgment. (*Id.*, Ex. 8).

Through new counsel, petitioner timely appealed to the Supreme Court of Ohio, raising the following propositions of law:

> 1. An accused's right to effective assistance of appellate counsel is violated under the Due Process precepts of Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when appellate counsel fails to raise the issue of ineffective assistance of trial counsel, and fails to raise the issues of the trial court's error in finding Appellant a sexual predator and the trial court's failure to make findings necessary to support consecutive sentences under R.C. 2929.19(B)(2)(c).

> 2. When a trial court hears evidence from an expert that an individual is not likely to re-offend, it commits error in holding that the individual is a sexual predator, when the evidence fails to meet the clear and convincing standard under R.C. 2950.09(B)(3).

> 3. An accused's due process rights are violated under Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court

abuses its discretion in giving Appellant consecutive sentences without properly considering the factors set forth in Ohio Revised Code §2929.14.

4. An accused's due process rights are violated under Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in sentencing Appellant to a total prison term of 24 years, without properly considering the factors set forth in Ohio Revised Code §2929.12.

5. The Fifth and Eighth Amendments to the United States Constitution, as incorporated by the Fourteenth Amendment and Article I, Section 9 of the Ohio Constitution, forbid the imposition of cruel and unusual punishment.

(*Id.*, Exs. 9, 10). On October 24, 2002, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (*Id.,* Ex. 12).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief which are quoted verbatim:

**GROUND ONE:** Petitioner was denied his Fifth and Eighth Amendment rights as incorporated by the Fourteenth Amendment, by imposition of a prison sentence that was cruel and unusual, as it was grossly disproportional to the severity of Petitioner's acts.

**GROUND TWO:** Petitioner was denied his Fifth and Fourteenth Amendment rights to effective assistance of appellate counsel as said counsel did not raise the issue of ineffective assistance of trial counsel and other error issues created by the trial court.

**GROUND THREE:** Petitioner's Fourteenth Amendment right to due process was violated by the state failing to follow its own criminal procedures and statutes for determining whether Petitioner was a sexual predator or for imposing consecutive sentences, and the imposition of a lengthy prison term unsupported by the record.

3

(Doc. 1, Habeas Petition).

In his return of writ, respondent argues that grounds one and two lack merit and that the remaining ground for relief have been waived due to a procedural default committed in the state courts. (Doc. 3).

## OPINION

### I. Petitioner is not entitled to habeas corpus relief on the basis of his claim of disproportionate sentencing alleged in ground one.

As his first ground for relief, petitioner argues that in violation of the Eighth and Fourteenth Amendments, his sentence was disproportionate to the severity of his criminal acts.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6 th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529

U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

When a state court fails to address the constitutional issues raised, the federal court conducts a *de novo* review, instead of applying the AEDPA standard of review which applies only to cases "adjudicated on the merits in state court." *Maples v. Stegall,* 340 F.3d 433, 436-437 (6th Cir. 2003) (finding that in *Wiggins v. Smith,* 539 U.S. 510 (2003), Supreme Court reviewed portion of claim not analyzed by state court *de novo,* without deferring to the state court or applying AEDPA's standard of reasonableness); *see Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003); *Davis v. Secretary for the Dep't of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003).

The Ohio Court of Appeals, which was the only state court to issue a reasoned decision addressing this claim, overruled this assignment of error on direct appeal, reasoning, as follows:

> In his second assignment of error, Day argues the sentence imposed by the trial court violates his right to be free from cruel and unusual punishment because the sentence is grossly disproportionate to the crimes and provides Day with little medical or rehabilitative treatment for his sexual disorders. Generally, when a sentence imposed on a defendant falls within the terms of a valid statute, the sentence does not constitute cruel and unusual punishment. Day's sentences were within the guidelines permitted by the statute for the crimes of which he was convicted.

5

(Doc. 3, Ex. 8) [citations omitted].

On federal habeas corpus review of petitioner's state conviction and sentence, the Court will not upset the state courts' sentencing determination absent error of constitutional dimension. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *cf. Terry v. Trippett,* 62 F.3d 1418 (table), No. 94-2077, 1995 WL 469424 (6th Cir. Aug. 7, 1995) (unpublished) (petitioner, who alleged on federal habeas corpus review that his state sentence was disproportionate, "essentially [was] asking the court to rule on a matter of state law which rarely serves as a basis for habeas corpus relief"). Petitioner has not demonstrated that constitutional error occurred in this case.

A sentence imposed within the statutory maximum set by statute generally does not constitute "cruel and unusual punishment" within the meaning of the Eighth Amendment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000); *cf. Townsend v. Burke,* 334 U.S. 736, 741 (1948) ("unduly severe" sentence imposed within the limits set by statute does not in itself constitute a due process violation). In *Harmelin v. Michigan,* 501 U.S. 957, 965, 1002-04 (1991), the United States Supreme Court held that a mandatory life sentence without possibility of parole for a first offense of possession with intent to distribute more than 650 grams of cocaine was not cruel and unusual punishment prohibited by the Eighth Amendment. In *Harmelin,* which was a plurality decision, five justices agreed the Eighth Amendment does not require an individualized determination that the sentence is "appropriate" in a noncapital case such as this based on the weighing of evidence presented in mitigation and aggravation. *Id.* at 995-96; *see also Young v. Straub,* No. Civ.02-CV-70895-DT, 2002 WL 551009, at *2 (E.D. Mich. Apr. 8, 2002) (unpublished) (holding in reliance on *Harmelin* that petitioner in noncapital habeas case "had no constitutional right to an individualized sentence, and no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing"). The five justices, however, did not agree about whether the Eighth Amendment requires some degree of proportionality between the sentence and crime in a noncapital case; Justice Scalia joined by Chief Justice Rehnquist concluded the Eighth Amendment contains no proportionality guarantee, whereas Justice Kennedy joined by Justices O'Connor and Souter concluded in an opinion concurring in judgment that the Eighth Amendment "encompasses a narrow proportionality principle." *See Harmelin,* 501 U.S. at 965 & 997. In his concurring opinion, Justice Kennedy stated the applicable principle: "The Eighth Amendment does not require strict proportionality between

6

crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (quoting *Solem v. Helm,* 463 U.S. 277, 288 (1983)).

Petitioner does not contest the finding of the Ohio Court of Appeals that the sentence he received was within the statutory limits for the offenses for which he was convicted. He nevertheless asserts that the sentence was excessive because the charged acts arose from a single incident, there was no evidence of harm to the victims, and the photos taken were taken as a result of threats from his wife that she would leave him because of his poor financial straits. In addition, petitioner argues that Dr. Nizny testified that petitioner was unlikely to reoffend. and further notes that if he had murdered one of the girls he would have received a shorter sentence of fifteen years.

In this case, petitioner pled guilty to engaging in fellatio with his stepdaughters, ages seven and nine and taking their pictures while they were engaging in sexual activity with him or masterbation. (Doc. 3, Ex. 14, Tr. 16-17). The sentencing range for his crimes was three to ten years for rape and two to eight years for pandering. (Doc. 3, Ex. 2). Petitioner's sentence of four years for each pandering count and eight years for each rape count was therefore below the statutory maximum sentence. (*Id.*). Although petitioner argues that his criminal conduct was an isolated incident, the pre-sentence report indicated that the abuse took place over the course of two years and one of the victims testified at sentencing that she had been raped more than once. (Tr. 103, 72). Petitioner's argument that the state failed to show harm to the victims is unavailing. The state legislature has implicitly determined and there is a societal consensus that rape of a child under thirteen is harmful and the trial court found that the harm in this case was "both great and unusual" because of the tender age of the children. (Tr. 124). While petitioner reported to the psychiatrist that he took the photographs to make money so the children's mother would not leave him, that hardly mitigates the seriousness of offense. (Tr. 47, 107). Petitioner's comparison of the punishment for one count of murder to that imposed for his offenses to demonstrate disproportion is fallacious because the punishment for murder is not just fifteen years, but rather fifteen years to *life* (Ohio Rev. Code § 2929.02) and because petitioner pled guilty to multiple offenses involving two victims, not a single charge. Finally, the trial court did not accept Dr. Nizny's conclusion that petitioner was not likely to re-offend because it was based on petitioner's own statements and failed to take into account petitioner's history of sexually abusing the victims. (Tr. 107-108).

7

Under these circumstances, the sentences permitted by law were not so extreme that they would be considered "grossly disproportionate" to the crime.

Petitioner argues further that his incarceration for addiction to alcohol or drugs or where his medical needs will be unmet also violates the Cruel and Unusual Punishment Clause and contravenes the Supreme Court's decision in *Robinson v. California,* 370 U.S. 660 (1962). In *Robinson,* the Supreme Court held unconstitutional a statute punishing an individual for his "status" as a drug addict. *See United States v. Munro,* 394 F.3d 865, 872 (10th Cir. 2005). In t his c ase, petitioner is being punished for his criminal conduct, not his drug or alcohol addiction or his status as a pedophile. Moreover, petitioner's assumption that his medical needs will remain unmet is speculative.

Petitioner has not demonstrated that the state court's adjudication of his disproportionate sentencing claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts of record in this case. Accordingly, petitioner is not entitled to habeas corpus relief with respect to his claim of disproportionate sentencing, alleged in ground one of the petition.

## II. Petitioner is not entitled to habeas corpus relief on the basis of his ineffective assistance of appellate counsel claims.

As his second ground for relief, petitioner alleges that his appellate counsel was constitutionally ineffective for failing to raise on appeal trial counsel's ineffectiveness in "preventing the trial court from declaring Petitioner a sexual predator and giving consecutive sentences" and "the trial court's errors in finding Petitioner a sexual predator or in giving Petitioner consecutive sentences." (Doc. 1).

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: ( 1) h is c ounsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

8

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

During the sexual predator hearing, trial counsel presented an expert who testified that petitioner was not likely to offend again and also provided his opinion as to petitioner's mental health. Counsel also attempted to demonstrate through the photographs that the offense was limited to one day. (Tr. 97). Finally, counsel cross-examined the victim and the victim's mother, and argued vigorously in petitioner's defense. (Tr. 96-97). It is hard to imagine what else counsel could have done at the hearing to defend his client and petitioner does not indicate in what way his attorney came up short. Since trial counsel was not deficient in representing petitioner at the sexual predator hearing, appellate counsel was not ineffective in failing to raise this issue on appeal.

Petitioner also faults appellate counsel for not identifying as error the trial court's decision to classify petitioner as a sexual predator particularly in light of the expert evidence that petitioner would not reoffend. Ohio Rev. Code. § 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must make this determination by

clear and convincing evidence. Ohio Rev.Code. § 2950.09(C)(2)(b). The factors which the trial court must consider include:

> (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct.

*State v. Swank* , No. 98-L-049, 2001 WL 1647224, at 5 (Ohio Ct. App. Dec. 21, 2001); *see* Ohio Rev. Code. § 2950.09(B)(2)(a)-(j).

In this case, the court found that the offender was substantially older than the victims, that the victims were very young, ages 7 and 9, that there were multiple victims, that petitioner had a prior criminal record including two Driving Under the Influence convictions and one domestic violence conviction, that the acts occurred over a two year period demonstrating a pattern of abuse, and that petitioner threatened to kill the victim and her mother if she told anyone. (Tr. 102-104). The judge discounted the expert's opinion because it was based on the self-reporting of the petitioner and she found the petitioner unreliable. (Tr. 105-106). The judge explained the basis for her finding that petitioner was unreliable as follows:

> Mr. Day records that his —this arrest came about because he had been washing his daughter's back; that taking pictures was fun for the child - unquote; it was not rape because he didn't use force. He totally denied photographing Lisa, and we have pictures of Lisa. So, bottom line is Mr. Day's self-report is not reliable, which severely undercuts the value of Dr. Ninny's opinion.

(Tr. 106). There was yet another reason the judge declined to rely on the expert's conclusion. Dr. Ninny believed that petitioner's conduct was motivated by monetary

gain and not sexual gratification. (Tr. 59, 47). The Court not only questioned that motive but found it irrelevant to her ultimate determination. She indicated:

> I further note that even if this activity was not done for pleasure, but to make money, I don't think that makes it any less likely that he would offend in the future. Frankly, I find that almost more troubling, that he took advantage of his two stepdaughters, with whom he lived, and victimized them for his own gain. And, again, I don't see why that would undercut, at all, his propensity to do this in the future. It makes me equally -- more worried about it.

> I don't buy that story, by the way. I think that was, perhaps, part and parcel of the plan, but certainly the two years of activity support that Mr. Day did engage in these actions for his own pleasure . . .

(Tr. 106-107).

Based on the record in this case, it is not reasonably likely that the decision on appeal would have been different if counsel had challenged the trial court's sexual predator determination. Without a showing of prejudice, petitioner has not established that appellate counsel was constitutionally ineffective.

Petitioner points to appellate counsel's failure to challenge the trial court's imposition of consecutive sentences as a further deficiency in his representation. R.C. 2929.14(E)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In addition, the Court must state the reasons for its findings. Ohio Rev. Code § 2929.19(B)(2)(c).

In this case, the trial court made the requisite findings and stated her reasons for those findings. (Tr. 123-125). Petitioner has failed to specify the absence of any required sentencing findings under Ohio's statutes or to demonstrate that the trial court omitted the reason for a particular finding. Accordingly, appellate counsel was not constitutionally inadequate for failing to raise this issue on appeal.

Petitioner has not demonstrated that trial counsel was deficient for failing to challenge the trial court's imposition of consecutive sentences. Defense counsel argued vigorously on his client's behalf, putting his client's actions in the best possible light and clarifying information provided to the Court, all for the purpose of convincing the Court to impose a lighter sentence. (Tr. 115-121). Since petitioner has not demonstrated that trial counsel was ineffective in failing to challenge the imposition of consecutive sentences, he has further failed to demonstrate that appellate counsel was constitutionally ineffective for failing to raise this issue on appeal.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to ground two in the petition.

12

## III.  Petitioner's challenges to his sentencing and sexual predator proceedings are not cognizable on habeas corpus review.

As his third ground for relief, petitioner contends that he has been deprived of due process of law by the state's failure to follow its own procedures and statutes for classifying him as a sexual predator, and for imposing l engthy and consecutive sentences.

Although this Court has had to address the sexual predator issue as part of petitioner's ineffective assistance of appellate counsel claim, constitutional challenges to Ohio's sexual predator proceedings, standing alone, ordinarily are not cognizable in habeas corpus proceedings. *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002).  Petitioner does not meet the "in custody" requirement for habeas corpus relief because he is not incarcerated as a result of being adjudicated a sexual predator and the collateral consequences of the classification, including registration and community notification, are insufficient restraints on his liberty to fulfill the custody requirement. *Id.*

A writ of habeas corpus disturbing a state court judgment or sentence may issue only if a prisoner is in custody in violation of the constitution, laws , or treaties of the United States.  *Pulley v. Harris,* 465 U.S. 37 (1984).  A state court sentencing decision and claims arising from that decision or a state court's failure to follow its own procedural rules generally do not raise a cognizable constitutional claim. *See, e.g., Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988); *Stewart v. Estelle,* 634 F.2d 998, 999 (5th Cir. 1981).  Errors in state law that do not violate a specific constitutional r ight a re n ot c ognizable in habeas c orpus, u nless t hey r esult i n a proceeding that is fundamentally unfair, and thus violative of the due process clause. *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. ), *cert. denied,* 464 U.S. 962 (1983).

Petitioner's claim that the trial court failed to follow the relevant procedures and statutes in imposing consecutive sentences or a lengthy sentence involve alleged errors under state law which are not cognizable in this proceeding.  Petitioner has failed to demonstrate that the sentencing proceedings were fundamentally unfair such that he was deprived of due process. The state trial judge made extensive findings at the sentencing hearing and in the felony sentencing worksheet.  (Doc. 3, Ex. 6, attachment). Both parties were permitted to present witnesses, petitioner spoke through counsel, and the court heard extensive oral argument from counsel.

13

Accordingly, petitioner's claims of error in the sentencing and sexual predator proceeding are not cognizable and alternatively, do not amount to a violation of the Due Process Clause.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability also should not issue with respect to petitioner's grounds for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation, this Court certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/8/05
hr

Timothy S. Hogan
United States Magistrate Judge

J:\ROSENBEH\2254(2005)\02-754sentc.wpd

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Marc Day,
     Petitioner


vs                                 Case No. 1:02cv754
                                    (Weber, Sr. J.; Hogan, M.J.)

Anthony Brigano,
     Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).